## IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| RONALD MCDONALD HOUSE CHARITIES, INC. | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) ) ) | |
| RONALD MCDONALD HOUSE CHARITIES OF WEST GEORGIA, INC. | ) ) ) | |
| Defendant. | ) ) ) ) ) | |

## COMPLAINT FOR
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff Ronald McDonald House Charities, Inc. ("RMHC Global") files this Complaint against Defendant Ronald McDonald House Charities of West Georgia, Inc. ("RMHC of West Georgia"), showing the Court as follows:

## INTRODUCTION

During its years of operation of the Ronald McDonald House in Columbus, RMHC of West Georgia, using trademarks licensed to it by the Plaintiff under the parties' License Agreement, raised millions of dollars of donations for the sole use

of supporting the Columbus Ronald McDonald House, representing to the public and donors that those dollars would be used for the Ronald McDonald House in Columbus.

RMHC Global recently terminated its License Agreement with RMHC of West Georgia. This termination came after years of operational problems and other issues. Prior to terminating the License Agreement, RMHC Global had worked for months to help RMHC of West Georgia, attempting to effectuate a smooth transition to other leadership so that services to Columbus area families at the Ronald McDonald House would not be interrupted.

Instead of working for a smooth transition or addressing the numerous operational concerns at the Columbus Ronald McDonald House, RMHC of West Georgia has gone silent and refuses to communicate with RMHC Global. Specifically, RMHC of West Georgia has refused to acknowledge, after multiple requests, that close to $4 million in assets raised locally under the parties' License Agreement, using the RMHC trademarks, can be used only for the Columbus Ronald McDonald House. These RMHC trademarks include all marks owned by McDonald's Corporation ("McDonald's") and licensed by Plaintiff RMHC Global to the local chapter for use in its operations (the "RMHC Trademarks"). Indeed, RMHC of West Georgia has threatened to transfer assets to an unrelated entity. Such a transfer would strip the Columbus area Ronald McDonald House programs of

funds that were generously donated expressly for that purpose.

RMHC Global brings this lawsuit to enjoin the unauthorized transfer of those funds and to obtain a declaratory judgment concerning the proper use of those funds under the parties' agreement.

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, RMHC Global, is a 501(c)(3) corporation incorporated in Illinois with its principal place of business in Illinois.  Consequently, RMHC Global is a citizen of Illinois for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

2.      Defendant RMHC of West Georgia is a 501(c)(3) corporation incorporated in Georgia with its principal place of business in Columbus, Georgia. Consequently, RMHC of West Georgia is a citizen of Georgia for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  As set forth below, the funds at issue in this case are in excess of $3.9 million.

4.      The Court has personal jurisdiction over Defendant RMHC of West Georgia because it is a resident of Georgia, and because the events giving rise to the claims in this Complaint occurred in Georgia.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant is a resident of Georgia and this Judicial District, and the events giving rise to the claims in this Complaint occurred in Columbus, Georgia within this Judicial District.

## FACTUAL BACKGROUND

6.     RMHC Global is a global charitable organization whose mission is to create, find, and support programs that directly improve the health and well-being of children and their families.   Specifically, RMHC Global provides these services through local Ronald McDonald House programs, houses located near top children's hospitals around the world, that allow parents who are far from home to stay close to their hospitalized child and benefit from the comforts of a home without incurring hotel and food costs.

7.     Each Ronald McDonald House is owned and operated by a local RMHC chapter.  Each chapter is governed by a local board of directors who are responsible for program development, fundraising, and operations.    The local chapter signs a license agreement with RMHC Global, allowing the use of various RMHC Trademarks for the operations of the local chapter.

8.     The local chapters raise money for local operations and programs principally through individuals, organizations and businesses.   The funds raised by

4

local Chapters are to be used solely for the support of the local Ronald McDonald House.

**The RMHC of West Georgia Chapter.**

9.      RMHC of West Georgia began operations for the support of the Columbus Ronald McDonald House in 1993.     The Chairman of the Board of RMHC of West Georgia is Jack Pezold.  Mr. Pezold has a long relationship with McDonald's, and he had been an owner/operator of McDonald's stores in Georgia for 48 years until the fall of 2022.  He has also served as a member of the Executive Committee, and now as the Board Chair of RMHC of West Georgia since the chapter's inception in 1993.

10.      RMHC of West Georgia has operated this Chapter by virtue of a license agreement dated October 25, 1993 between McDonald's Corporation ("McDonald's"), as licensor and RMHC of West Georgia, as licensee ("License Agreement") (Attached as Exhibit A).

11.      On June 3, 2022, McDonald's Corporation assigned the License Agreement to RMHC Global as the licensor.  (Attached as Exhibit B).

12.      Schedule A of the License Agreement allows for the specific use of Ronald McDonald trademarks at the Columbus Ronald McDonald House, located at 200 10th Avenue in Columbus, including the RMHC Trademarks.

13.    Section 3 of the License Agreement sets forth the term of the agreement: "The term of this License shall commence on the date set forth above and shall continue until terminated by McDonald's, with or without cause, upon thirty (30) days' written notice to RMH of West Georgia, Inc."

14.    Schedule B of the License Agreement addresses the use of funds raised, providing as follows:

> All funds raised in the name of, and identified as being for, Ronald McDonald House must be used only for the House. Funds raised in the name of the general not-for-profit corporation may be used by it for any purpose (i.e., either for the House or for other projects).

15.    Throughout its existence, RMHC of West Georgia has raised funds for the Columbus Ronald McDonald House, in the name of and being identified for, Ronald McDonald House.  RMHC of West Georgia raises money through numerous activities including hosting special events, direct solicitation of contributions, through drop boxes inside of McDonald's restaurants, and other fundraising efforts.

16.    As of this filing, RMHC of West Georgia holds approximately $3.9 million in funds and assets that it has raised in the name of and being identified for Ronald McDonald House in Columbus (collectively the "Ronald McDonald House Funds").    Based on RMHC of West Georgia's financial records, these include approximately $200,000 in cash; $2.2 million in investible securities; and a house/land valued at approximately $1.3 million along with other miscellaneous

assets.  *See* Exhibit C (RMHC of West Georgia's 2021 Form 990); *see also* Exhibit D (July 2022 Balance Sheet).

**Problems Persist with the West Georgia Chapter.**

17.    For well over a year, there have been numerous problems at the West Georgia Chapter that have not been addressed by its leadership, despite repeated requests, outreach and offers by RMHC Global.  (*See* Attached as Exhibit E.)

18.    On or about June 27, 2022, RMHC Global learned that Renee Sturkie, the CEO of RMHC of West Georgia, had abruptly resigned.

19.     Upon learning of the CEO's resignation, Mary Agnes Laguatan, Director of the Americas for RMHC Global, emailed Jack Pezold to raise concerns about the lack of infrastructure to manage the Chapter and its programs, stating, "Given the small infrastructure of your Chapter, and the concerns we have already expressed to you, her departure raises the level of our concern to critical.  We are not sure of the Chapter's ability to continue to provide mission under these circumstances."  (Attached as Exhibit F.)

20.    Mr. Pezold did not respond to Ms. Laguatan's June 27 email.

21.    The resignation of the CEO was just one of numerous recent operational issues at the RMHC of West Georgia.  As other examples:

- The Chapter was operating with 14 rooms, even though its License Agreement only allowed for six rooms;

- Since October 2021, RMHC of West Georgia had ignored numerous requests from RMHC Global to sign an updated license agreement, which remains unsigned as of this filing; and

- The Chapter failed to meet governance requirements.

22.   Later in June, to assist RMHC of West Georgia's services to the community, RMHC of Georgia hired a consultant, Sarah Betts Murdison, to help support the West Georgia Chapter since their CEO had resigned and the Chapter did not have adequate staff to run the Chapter. *See* Exhibit F.

23.   Then, on June 29, 2022 RMHC Global received a detailed and unsolicited letter from the former CEO, Ms. Sturkie, setting forth numerous concerns about the operations of the local chapter, the actions of the Chapter's leadership and detailed missteps concerning the governance, finances and operation of the local Chapter.  (Attached as Exhibit G.)

**RMHC Global attempts to work with RMHC of West Georgia on a Transition of Services for the Columbus Ronald McDonald House.**

24.   RMHC Global attempted time and again to work with the failing RMHC of West Georgia Chapter, but to no avail. (*See* Exhibit H, attached). Following these failed efforts, RMHC Global sought to transition the operations of the local Chapter from the leadership of RMHC of West Georgia to another, Georgia-based RMHC chapter.   This would allow continued Ronald McDonald

House and Ronald McDonald Family Room (located at the nearby hospital) programs and services to families in the Columbus area.

25.    In September 2022, representatives of RMHC Global, Ms. Laguatan and Ellen Early, Associate Director for RMHC Global, traveled to Columbus to meet with Mr. Pezold and Tracy Sayers, the Board Secretary for RMHC of West Georgia. During that meeting, RMHC Global communicated its plan to transition the local services to new leadership.  At the meeting, Mr. Sayers threatened that RMHC of West Georgia would simply take the Ronald McDonald name off the local House and operate it locally. Such action would be an unauthorized use of the assets raised by and for the purposes of the Columbus Ronald McDonald House, violating the terms of the governing License Agreement.

26.    On September 15, RMHC Global notified RMHC of Central Georgia, located in Macon, of its plans to consolidate the Columbus area with their existing Central Georgia services, given the challenges and problems with the RMHC of West Georgia chapter.  Allowing RMHC of Central Georgia to take over operations in Columbus would mean no disruption to the Ronald McDonald House programs and services to families in the Columbus area.

27.    During the next few weeks, RMHC Global representatives asked to meet directly with the entire board of RMHC of West Georgia to discuss this transition.   Mr. Pezold and Mr. Sayers consistently pushed back on such a meeting.

28.     Finally, on October 19, 2022 that meeting took place and Ms. Laguatan and Ms. Early met (virtually) with the full board of directors of RMHC of West Georgia.   During that meeting, Ms. Laguatan and Ms. Early  asked the RMHC of West Georgia board to dissolve the local chapter, specifically sharing information about the concerns and problems at the Chapter, including Mr. Pezold's transition as a McDonald's owner/operator, the abrupt resignation of the former CEO, Ms. Sturkie, the failure of the Chapter to fully invest in appropriate organizational infrastructure, the lack of appropriate board governance and engagement, the failure to sign the updated license agreement, the low usage (census) of the Columbus Ronald McDonald House, the minimal community support and the fact that the local Chapter was generally isolated from the RMHC system and its resources.

29.     As these communications and meetings were progressing, problems mounted at the West Georgia Chapter.   On or about November 4, 2022, RMHC Global learned that the House Manager for RMHC of West Georgia was fired.   This House Manager was fired because the local Chapter became aware that she was a convicted felon, for theft of more than $7,000 from another organization.   The termination of the House Manager would have left the local Chapter significantly understaffed.

30.     As part of the transition efforts for the Columbus Ronald McDonald House, on November 14, 2022 representatives of RMHC of Central Georgia and

RMHC of West Georgia held a combined meeting in Columbus.  RMHC Global

hosted the meeting and representatives of RMHC of Central Georgia were able to

tour the Columbus House.  During this meeting, Ms. Early explained to RMHC of

West Georgia representatives that the funds it had raised for Ronald McDonald

House – (i.e., the Ronald McDonald House Funds) were to be used solely for the use

of the House.

**RMHC of West Georgia threatens to use the Ronald McDonald House Funds for another purpose.**

31.    On November 23, 2022 Mr. Sayers sent an email to Ms. Early, whereby

RMHC of West Georgia asked for additional time for their board to meet and vote

on the transition. Mr. Sayers also raised some specific questions about the proposed

transition.   (Attached as Exhibit I.)

32.    In that email, Mr. Sayers expressed that the chapter was going to

transfer funds to a children's hospital, stating: "The board has held large investment

portfolios in anticipation of a dedicated community Children's Hospital. This

community dream is quickly coming to reality and we would expect to transfer all

unrestricted portfolio funds for children's hospital support prior to dissolving our

organization." (Exhibit I.)

33.    While the West Georgia Chapter has approximately $200,000 in donor-

restricted funds designated for specific use by the donor, those funds were also raised

in the name of RMHC.   And under the License Agreement, all funds raised in the name of RMHC must be used for the Columbus Ronald McDonald House. Mr. Sayers' proposed transfer of the Ronald McDonald House Funds would be in violation of the License Agreement.

34.    Since that November 23 email, representatives of RMHC of West Georgia have refused to communicate in any material way with RMHC Global.

35.    On December 2, 2022, counsel for RMHC Global sent a letter to Mr. Pezold, Mr. Sayers and John Shinkle, another member of the Executive Committee of the RMHC of West Georgia board, in response to Mr. Sayers' November 23 email. (Attached as Exhibit J.)

36.    That letter reminded RMHC of West Georgia of the relevant language in the License Agreement about the use of the Ronald McDonald House Funds, stating:

> "Mr. Sayers' email also raises a significant issue about the proposed transfer of some of the West Georgia Chapter's assets to the children's hospital. According to Mr. Sayers, the West Georgia Chapter anticipates moving all unrestricted funds for children's hospital support prior to dissolving the Chapter.  Please be advised that this transfer must not occur because any such transfer would be in direct violation of the parties' License Agreement (attached)."

(Exhibit J.)

37.    In that letter, RMHC Global also asked for RMHC of West Georgia to confirm by December 5 that it had not yet transferred any of the Ronald McDonald House Funds.   RMHC of West Georgia did not provide a response, as requested. (Exhibit J.)

**RMHC Global terminates the License Agreement and continues to seek confirmation that RMHC of West Georgia will not transfer the Ronald McDonald House Funds.**

38.    On December 9, RMHC Global sent RMHC of West Georgia a letter formally terminating the License Agreement, as permitted under its terms, (Attached as Exhibit K). The letter stated, in part, as follows:

> RMHC of West Georgia operates as part of the RMHC system by virtue of the License granted by McDonald's Corporation ("McDonald's") which, as of June 3, 2022, was assigned to RMHC Global as the licensor. Section 3 of the License provides as follows:
>
> The term of this License shall commence on the date set forth above and shall continue until terminated by McDonald's, with or without cause, upon thirty (30) days' written notice to RMH of West Georgia, Inc.
>
> By this letter, we hereby give RMHC of West Georgia thirty (30) days written notice of termination of the License without cause.  The License will terminate effective January 9, 2023.

39.    As a result of this termination, RMHC of West Georgia's license will terminate effective January 9, 2023 and RMHC of West Georgia will not have any right to operate the Columbus Ronald McDonald House, use the RMHC Trademarks set forth in the License Agreement or use the Ronald McDonald House Funds.

40.     The termination letter again reminded RMHC of West Georgia of the use of the Ronald McDonald House Funds, stating as follows:

> "Schedule B of the License also provides as follows:
>
> All funds raised in the name of, and identified as being for, Ronald McDonald House must be used only for the House. Funds raised in the name of the general not-for-profit corporation may be used by it for any purpose (i.e., either for the House or for other projects).
>
> Therefore, and as set forth in Alston & Bird's December 2 letter to you, we fully expect that the property and funds in the possession, custody, or control of RMHC of West Georgia will remain assets of RMHC Global to be reassigned to a Chapter that RMHC Global will designate, who will manage the property and deploy the funds to further support of RMHC Global's mission in the Columbus community."

(Exhibit K).

41.     RMHC of West Georgia did not respond to this letter, refusing again to confirm that it would comply with the terms of the License Agreement and its obligations concerning the Ronald McDonald House Funds.

42.     Hearing nothing from the West Georgia Chapter, RMHC Global is now working for the winddown of the License Agreement, the termination of the parties' relationship, and the transition of services in Columbus.

43.     As part of those efforts, on December 21, Ms. Early sent a letter to Mr. Pezold, Mr. Sayers, and Mr. Shinkle outlining the necessary steps as part of the winddown and transition.  (Attached as Exhibit L.)

44.    The December 21 letter again reminded RMHC of West Georgia about the Ronald McDonald House Funds as set forth in the License Agreement.    The letter provided specific instructions for wiring the funds, to be held in escrow, pending the transition of operations for the Ronald McDonald House in Columbus.

45.    No one from RMHC of West Georgia has responded to the December 21 letter.

46.    Notwithstanding the challenges and problems with the current West Georgia chapter, RMHC Global remains committed to the Columbus area.  It has and has plans in place to ensure that families currently using the Ronald McDonald House in Columbus will continue to have access to those services following January 9, 2023 and through the transition to the next chapter in Columbus.

47.    As part of RMHC Global's continued efforts to ensure a smooth transition, on December 22 and again on December 23, counsel for RMHC Global emailed counsel for RMHC of West Georgia, seeking confirmation that RMHC of West Georgia had not and would not transfer or otherwise dispose of the Ronald McDonald House Funds.

48.    On December 22, counsel for RMHC Global asked counsel for RMHC of West Georgia: "Specifically, we need confirmation that RMHC of West Georgia has not and is not going to transfer any funds—which were all monies raised in the name of and for the benefit of Ronald McDonald House—to any other source or any

other organization.   We asked for this confirmation in my December 2 letter, but still have not received any response on that issue." (Attached as Exhibit M.)

49.     Counsel for RMHC of West Georgia did not respond, so counsel for RMHC Global followed up again on December 23, writing: "Your client's continued silence is on these issues is unacceptable.   RMHC Global has sought confirmation since December 2.   There should be no issues in doing so.    Please confirm by the close of business today that RMHC of West Georgia has not transferred any funds to any other source.   Please also provide confirmation that RMHC of West Georgia will not transfer any funds until this situation is resolved."  (Attached as Exhibit N.)

50.     In a response, counsel for RMHC of West Georgia refused to provide confirmation about the use of the Ronald McDonald House Funds, so counsel for RMHC followed up again on December 23, asking "Can you confirm that your client has not and will not transfer funds?  We should not have to ask this question so many times." *See* Exhibit N.  As of this filing, RMHC of West Georgia has not provided this confirmation, nor even responded to these requests.

51.     If the Ronald McDonald House Funds are transferred or otherwise disposed of by RMHC of West Georgia for a purpose other than the Ronald McDonald House, then those dollars will not be available to fund the RMHC operations in the Columbus area following the effective date of the termination of the License Agreement.

## COUNT ONE – Declaratory Judgment

52.     RMHC Global re-alleges and incorporates paragraphs 1 through 51 of this Complaint.

53.     The License Agreement, in Schedule B provides: "All funds raised in the name of, and identified as being for, Ronald McDonald House must be used only for the House. Funds raised in the name of the general not-for-profit corporation may be used by it for any purpose (i.e., either for the House or for other projects)."

54.     Under the terms of the License Agreement and in its fundraising efforts, RMHC of West Georgia raised the Ronald McDonald House Funds in the name of and identified as being used for, Ronald McDonald House.  Some of the funds raised have been used to acquire fixed assets (such as the land/house) and/or marketable securities, but all were raised in the name of and identified as being used for, Ronald McDonald House.  As such, the Ronald McDonald House Funds must only be used for the Columbus Ronald McDonald House, and may not be used for any other purpose.

55.     RMHC of West Georgia threatened to transfer the Ronald McDonald House Funds for another purpose and has since remained silent despite repeated

requests from RMHC Global for a confirmation that the Ronald McDonald House Funds will not be transferred for another purpose.

56.     Therefore, an actual and substantial continuing controversy exists between RMHC Global and RMHC of West Georgia as to the use of the Ronald McDonald House Funds under the terms of the License Agreement.

57.     Because of RMHC of West Georgia's threat to transfer the Ronald McDonald House Funds and repeated refusal to confirm that it has not and will not transfer the Ronald McDonald House Funds, there is a substantial likelihood that RMHC Global will continue to suffer injuries in the future if RMHC of West Georgia continues their unlawful actions.

58.     Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, the Court should enter a judgment declaring that the Ronald McDonald House Funds, which includes all assets of the RMHC of West Georgia may only be used for the Columbus, Georgia Ronald McDonald House and that RMHC of West Georgia may not transfer or dispose of the Ronald McDonald House Funds for any other purpose.

## COUNT TWO- Temporary Restraining Order and Preliminary Injunction

59.     RMHC Global re-alleges and reincorporates paragraphs 1 through 58 of this Complaint.

60.     RMHC of West Georgia should be temporarily restrained and preliminarily enjoined from transferring the Ronald McDonald House Funds or from using them for any other purpose or brand, pending the final adjudication of RMHC Global's right to permanent declaratory relief in Count One of this Complaint.

61.     RMHC Global is reasonably likely to succeed on the merits of its claims in Count One of this Complaint.

62.     The public interest necessitates granting the temporary restraining order and preliminary injunction. Donors gave money to RMHC of West Georgia based on the use of the RMHC Trademarks and the representation that those dollars would be used for the Columbus, Georgia Ronald McDonald House.  Respecting the public's reliance that charitable donations will be used for their represented purpose serves the public interest.

63.     Conversely, there is no harm to RMHC of West Georgia by enjoining the transfer of the Ronald McDonald House Funds pending the adjudication of the declaratory judgment claims in Count One of this Complaint, as the Ronald McDonald House Funds were raised for the purpose of the Columbus Ronald McDonald House.  As such, RMHC of West Georgia had no expectation that it could use the Ronald McDonald House Funds for any other purpose.

64.    If not enjoined, the transfer of the Ronald McDonald House Funds will cause RMHC Global irreparable harm.   The transfer is irreparable, as RMHC will have no legal recourse against Defendant to recover for that harm.

65.    For these reasons, the Court should grant a temporary restraining order and a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) to enjoin the transfer of the Ronald McDonald House Funds pending the final adjudication of permanent declaratory relief sought in Count One of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, RMHC Global respectfully requests the following:

a.    That process issue according to law;

b.    That the Court declare that the funds raised by RMHC of West Georgia pursuant to the terms of the License Agreement only be used for the purposes set forth in the License Agreement.

c.    That the Court enter a temporary restraining order and a preliminary injunction enjoining RMHC of West Georgia from transferring, or otherwise disposing the Ronald McDonald House Funds pending the final adjudication of RMHC Global's right to permanent declaratory relief in Count One of the Complaint;

d.     That the Court award RMHC Global its attorneys' fees and costs incurred in this case; and

e.     Any other relief this Court should deem just and appropriate.

Respectfully submitted this 30th day of December 2022

*/s/   Daniel F. Diffley*
Daniel F. Diffley
Georgia Bar No. 221703
Taylor Lin (*Admission pending*)
Georgia Bar No. 273408
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Dan.Diffley@alston.com
Taylor.Lin@alston.com
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Attorneys for Plaintiff*