# IN THE UNITED STATE DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| RONALD MCDONALD HOUSE CHARITIES, INC. ) ) ) | |
| Plaintiff,  ) ) | Civil Action No. 4:22-cv-00207 |
| v.  ) ) | |
| RONALD MCDONALD HOUSE ) CHARITIES OF WEST GEORGIA, INC. ) ) | |
| Defendant.  ) ) ) ) ) | |

## CONSENT ORDER

1.      On December 30, 2022, Plaintiff Ronald McDonald House Charities, Inc. ("RMHC Global" or "Plaintiff") filed a Complaint for Declaratory Judgment and Injunctive Relief against Defendant Ronald McDonald House Charities of West Georgia, Inc. ("RMHC of West Georgia" or "Defendant") (collectively with the Plaintiff the "Parties"), seeking (a) a judgment declaring that the Ronald McDonald House Funds raised pursuant to the Parties' License Agreement may only be used for the Columbus, Georgia Ronald McDonald House and that Defendant RMHC of

West Georgia may not transfer or otherwise dispose of those Funds to another entity or for any other purpose, and (2) a temporary restraining order and preliminary injunction against Defendant RMHC of West Georgia to enjoin it from transferring or otherwise disposing of the Ronald McDonald House Funds to another entity pending the adjudication of Plaintiff's permanent declaratory relief claim on the grounds asserted in the Complaint [Dkt. 1]; and

2. On December 30, 2022, Plaintiff RMHC Global also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction, together with a supporting brief and evidence, (the "Motion") asking the Court to enjoin Defendant RMHC of West Georgia from transferring the Ronald McDonald House Funds to another entity until the Court can rule on the merits of Plaintiff RMHC Global's declaratory judgment claim [Dkt. 4]; and

3. The Court held a hearing for January 10, 2023 where all Parties were represented by counsel; and

4. During the January 10 hearing, among other arguments, Defendant denied that Plaintiff was entitled to the relief requested in the Complaint and Emergency Motion and contended that Plaintiff's termination of the License Agreement also terminated any contractual restrictions on the use of the Funds and that Defendant was free to continue to operate the House and the Family Room at

Piedmont Hospital as it had before but without the use of any RMHC Trademarks or branding.

5. During the January 10 hearing, Defendant informed the Court that there were still families staying at the House located at 1959 Hamilton Rd, Columbus, Georgia that Defendant had operated as a Ronald McDonald House, prior to the termination of the License Agreement, and that visitors to the Family Room at Piedmont Hospital were continuing to be accommodated in the same way that the Room had been operated previously as the Ronald McDonald Room prior to the termination of the License Agreement.

6. During the hearing the Parties consented that, during the pendency of this action, the Ronald McDonald House Funds may continue to be used solely to support the regular operation of the House and Family Room, so that families may continue to use the House and Family Room in a manner consistent as before the termination of the License Agreement.

7. During the hearing, Defendant RMHC of West Georgia confirmed that consistent with the termination of the Parties' License Agreement, Defendant is in the process of and will discontinue all use of any RMHC Trademarks or branding.

8. The Court then deferred ruling on the Plaintiff's Motion for seven (7) days, and instructed the Parties to provide the Court with a proposed Order memorializing the Parties' agreement reached during the hearing [Dkt. 7].

**NOW, THEREFORE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65(b)(2) AND THE PARTIES' CONSENT, THE COURT HEREBY ORDERS THE FOLLOWING:**

1. While this action remains pending or until further order of the Court, Defendant RMHC of West Georgia shall only use the Ronald McDonald House Funds for the purposes of supporting and operating the House located at 1959 Hamilton Rd, Columbus, Georgia and the Family Room at Piedmont Hospital in a manner consistent with the services provided prior to the termination of the Parties' License Agreement. Defendant RMHC of West Georgia must not transfer or otherwise dispose of the Ronald McDonald House Funds to another entity or for any purpose other than as stated above.

2. Consistent with the termination of the Parties' License Agreement and with the representation from Defendant's counsel at the January 10 hearing, Defendant RMHC of West Georgia shall cease all use of any RMHC Trademarks or branding and will not use any RMHC Trademarks or branding in any public-facing manner. Defendant will not, however, be required to change its corporate name, nor change the name on any of its accounts, until further order of the Court.

3. Pursuant to Federal Rule of Civil Procedure 65(d)(2), this Consent Order shall be binding on Defendant RMHC of West Georgia and its agents, servants, employees, attorneys, and other persons who are in active concert or

participation with it and who receive notice of the Consent Order by personal service or otherwise.

4.  Consenting to this Order does not bind either party to any admissions nor waive any claims or defenses in the pending litigation.

SO ORDERED this 18th day of January, 2023.

 S/Clay D. Land
CLAY D. LAND
United States District Court Judge

Consented to on January 17, 2023 by:

*/s/ Daniel F. Diffley*
Daniel F. Diffley
Georgia Bar No. 221703

*/s/ Taylor Lin*
Taylor Lin
Georgia Bar No. 273408

**ALSTON & BIRD LLP**
1201 W. Peachtree St.
Atlanta, GA 30309
Telephone: (404) 881-7000
Dan.Diffley@alston.com
Taylor.Lin@alston.com

*Counsel for Plaintiff Ronald McDonald House Charities, Inc.*

*/s/ C. Morris Mullin*
C. Morris Mullin
Georgia Bar No. 528550

*/s/ David C. Rayfield*
David C. Rayfield
Georgia Bar No. 596706

**WALDREP, MULLIN, & CALLAHAN**
111 12th Street,
Suite 300
Columbus, GA 31902
Telephone: (706) 320-0600
cmm@waldrepmullin.com
davidrayfield@waldrepmullin.com

*Counsel for Defendant Ronald McDonald House Charities of West Georgia, Inc.*