IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| RONALD MCDONALD HOUSE CHARITIES, INC.<br><br>  Plaintiff,<br><br>v.<br><br>RONALD MCDONALD HOUSE CHARITIES OF WEST GEORGIA, INC.<br><br>  Defendant. | Civil Action<br>No. 4:22-cv-00207-CDL |

## PROTECTIVE ORDER

This Protective Order (the "Order") is entered into by and among Plaintiff Ronald McDonald House Charities, Inc. ("RMHC Global") and Ronald McDonald House Charities of West Georgia, Inc. ("West Georgia") (collectively, the "Parties," each a "Party") to facilitate the prompt resolution of confidentiality disputes, to protect confidential, proprietary, and sensitive personal or business information, and to ensure protection is afforded only to material so entitled.

WHEREAS, the Parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings; and

WHEREAS, those discovery proceedings will necessarily involve the production of certain information that the Parties to the Litigation believe to be private, confidential, and sensitive commercial, financial, personal, or business information;

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, through their undersigned counsel, and ORDERED, pursuant to Federal Rule of Civil Procedure 26(c), that this Protective Order (the "Order") will govern the handling of documents, deposition testimony,

deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Confidential Information") by or among any Party or non-Party providing Confidential Information (each a "Producing Party") in this Litigation.

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Order if such Producing Party reasonably believes in good faith that such Discovery Material contains or includes non-public, confidential, proprietary, or commercially sensitive information that requires protection under Federal Rule of Civil procedure 26(c). ("Confidential Material"). Nothing in this Protective Order shall be construed to limit the definition of Confidential, as defined by Federal Rule of Civil Procedure 26(c) and applicable case law.

2. The protections conferred by this Order cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Material.

3. The protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, provided such prior disclosure or public availability is not the result of wrongful or improper conduct, or in violation of a duty not to disclose.

4. This Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from using or disclosing its own Discovery Material in any manner; or (ii) impose

any restrictions on the use or disclosure by a person of documents, materials, or information designated as Confidential Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

5. The production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Order and notify the non-Party that the protections of this Order are available to such non-Party.[1]

6. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

7. The designation of Discovery Material as Confidential Material shall be made in the following manner:

    a. In the case of documents or other materials (apart from transcripts of depositions or other pre-trial testimony): (i) by affixing the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER"" to each page containing any Confidential Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (*e.g.,* CD-ROM, floppy disk, DVD, Flash, or Thumb Drive).

    b. In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel for any Party or non-Party, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within ten

---

[1] For purposes of this Litigation, Defendant West Georgia issued a subpoena to non-Party McDonald's Corporation on June 30, 2023. The Parties hereby stipulate and agree, and it is so ordered, that McDonald's Corporation is bound and governed by the terms of this Order.

(10) business days after receipt of the final transcript, provided that only those portions of the transcript designated as Confidential Material shall be deemed Confidential Material. All depositions and other pre-trial testimony will be deemed to be Confidential Material until the expiration of ten (10) business days after counsel receive a copy of the final transcript, after which, such deposition and other pretrial testimony will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any particular deposition or other pretrial testimony, through agreement on the record at such deposition or testimony or in writing thereafter without further order of the Court.

        c.       In the case of any other Discovery material, by written notice to all Parties that the Discovery Material constitutes Confidential Material.

    8.       The designation of Discovery Material as Confidential Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

    9.       Inadvertent failure to designate Discovery Material as Confidential Material shall not constitute a waiver of such designation. A Producing Party may designate as Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as "Confidential," by notifying in writing the Parties to whom the production has been made that the Discovery Material constitutes Confidential Material in a manner consistent with Paragraph 7. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Material, and such Discovery Material shall be fully subject to this Order from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon

such newly designated information are immediately treated as containing Confidential Material. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" shall exercise its best efforts to ensure: (i) the prompt return or destruction of such Discovery Material if the person or persons to whom such Discovery Material was disclosed is/are not permitted to receive Confidential Material pursuant to the terms of this Order; (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced; (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Order; and (iv) that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 14 of this Order.

10. Confidential Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a. The Parties and the directors, officers, employees, general partners, limited partners, managers, and members of the Parties, or any subsidiary or affiliate thereof, including the Parties' claims administrators;

b. Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services);

c. Subject to Paragraph 12, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary

employees, and service vendors of such experts or consultants (including outside copying and litigation support services);

  d. Subject to Paragraph 13, witnesses or deponents (and their counsel) who do not otherwise qualify to receive and review Confidential Material, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

  e. Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

  f. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

  g. Any other person only upon (i) order of the Court entered upon notice to the Parties; or (ii) written stipulation of, or statement on the record by, the Producing Party that provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

11. To the extent that testimony is sought concerning Confidential Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Material may not be disclosed to such person under the terms of this Order.

12. Notwithstanding Paragraph 10(c) above, Confidential Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant: (i) is using said Confidential Material solely in connection with this Litigation; and (ii) agrees to be bound by the terms of this Order by signing an undertaking in the form attached as

Exhibit A hereto. Counsel for the Party disclosing Confidential Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

13. Notwithstanding Paragraph 10(d) above, Confidential Material may be provided to such persons described in Paragraph 10(d) and their counsel only after they confirm their understanding and agreement to abide by the terms of this Order by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto.

14. Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record.

15. Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Filing") that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Material (a "Filing Under Seal") must be filed with the Court under seal in accordance with the provisions of Local Rule 5.4 and with this Court's Rule 16 and 26 Order (Dkt. 17).

16. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Material may, after making a good-faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Material pursuant to this Order. The provisions of this Order are not intended to shift any burdens of proof, including any burden of establishing that any Discovery

Material validly constitutes Confidential Material, which remains on the Party that designates such Discovery Material or testimony as Confidential.

17. The Parties reserve the right to apply, pursuant to Rule 26, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Order.

18. Entering into his Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Order, shall not:

    a. Prejudice in any way the rights of any Party to: (i) seek production of documents or information it considers subject to discovery; or (ii) object to the production of documents or information it considers not subject to discovery;

    b. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

    c. Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Material or contains or reflects proprietary trade secrets or any other type of confidential information;

    d. Prejudice in any way the rights of any Party to: (i) petition the Court for a further protective order relating to any purportedly Confidential Material; or (ii) seek a determination by the Court whether any Discovery Material or Confidential Material should be subject to the terms of this Order;

    e. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

  f. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

  g. Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

  h. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege or protection.

19. This Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Material obtained unlawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

20. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege, immunity, or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege, immunity or ground; provided further:

  a. A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.  The Producing Party shall give written notice of the inadvertent production to

all receiving Parties within a reasonable time, not to exceed 10 days, after first discovering such inadvertent production. Notwithstanding the foregoing sentence, if the inadvertent production is, or should have been, discovered during a deposition, then the Producing Party must immediately give notice orally and instruct the witness not to testify about the matters claimed to be privileged or protected.

      b.      If a claim of inadvertent production is made pursuant to this Order, any other Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

      c.      A Party may, in accordance with the Court's Rule 16 and 26 Order (Dkt. 17), move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, and such motion shall not include or otherwise disclose the Inadvertent Production Material (or any portion thereof) except as may be permitted or required by the Court.

21.    Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

22. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

23. The Parties agree to be bound by the terms of this Order pending the entry by the Court of this Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

24. Subject to the applicable Rules of this Court, the provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 20.

25. In the event that any Confidential material is used in open court during any court proceedings or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

26. Within forty-five (45) business days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, or any other proceeding in which Confidential Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Material may either: (i) maintain such Confidential Material in accordance with the Order; (ii) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (iii) make a good-faith and

reasonable effort to destroy all such Confidential Material (including summaries, excerpts, and derivative works), and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain Confidential Material (including court papers, deposition and trial transcripts, litigation files, attorney work product and discovery material containing Confidential Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such Confidential Material to any person except as permitted in this Order, pursuant to a court order or agreement by the Producing Party, or except as otherwise required by law. For the avoidance of doubt, Parties shall be entitled to retain Confidential Material provided that each Party and its employees shall maintain the confidentiality thereof and shall not disclose such Confidential Material to any person except as permitted in this Order, pursuant to a court order or agreement by the Producing Party, or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

27.     If any person in possession of Confidential Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Material produced or designated as "Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall, unless legally barred or prohibited from doing so, give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three (3) business days of receipt of such Demand (or if a response to the Demand is due in less than three (3) business days, at least 24 hours prior to the deadline for a response to the Demand), enclosing a copy of the Demand. The burden of opposing the enforcement of the Demand will fall on the Producing Party at its own expense. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or

appeal any order requiring production of Confidential Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Material will not constitute a violation of this Order.

28. No Receiver shall reveal any Confidential Material, or the information contained therein, to anyone not entitled to receive such Confidential Material under the terms of this Order. In the event that Confidential Material is disclosed to any person other than in the manner authorized by this Order, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Material by each unauthorized person who receives the information.

29. In the event any Party believes that it is necessary to accord greater protections to any Discovery Material than the protections set forth above, counsel for the Parties shall confer in good faith to determine whether such Discovery Material shall be accorded such greater protections. In the event the Parties cannot reach agreement, the Party asserting that greater protections are necessary may move the Court on reasonable notice for an order providing for such greater protections.

30. In the event any Party believes that any Discovery Material should be designated as Confidential Material that was not designated as such by the Producing Party, the Party seeking

such designation shall so advise all other Parties. Counsel for the Parties shall then confer in good faith in order to determine whether such Discovery Material shall be designated as Confidential Material. In the event the Parties cannot reach agreement, the Party seeking such designation may move the Court on reasonable notice for an order providing for such designation. If a Party seeks such relief, the Discovery Material at issue shall be treated as Confidential Material until such time as the Court has ruled on any such motion. In the event that Discovery Material is deemed Confidential Material pursuant to this paragraph, whether by agreement of the Parties or Court order, the Party seeking such designation shall be considered a Producing Party for purposes of all other provisions of this Order.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court, or by the written agreement of all Parties to this action filed with the Court, pursuant to the Federal Rules of Civil Procedure.

**SO ORDERED**, this 25th day of September, 2023.

                                                 S/Clay D. Land
                                                 CLAY D. LAND, Judge
                                                 United States District Court

# EXHIBIT A

## IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| RONALD MCDONALD HOUSE CHARITIES, INC. )<br>)<br>        Plaintiff,                                          )<br>)<br>v.                                                              )<br>)<br>RONALD MCDONALD HOUSE CHARITIES )<br>OF WEST GEORGIA, INC.                          )<br>)<br>        Defendant.                                         ) | Civil Action No. 4:22-cv-00207-CDL |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I have read the Protective Order (the "Order") entered in the above-captioned action. I understand its terms and agree to be fully bound by them. I hereby submit to the jurisdiction of this Court for purposes of enforcement of the Order. I further agree not to disclose or use any Confidential Material (as defined by the Order) for purposes other than those permitted under the Order.

_____
Signature

_____
Name

_____
Affiliation

_____          _____
Date                                    Title

Respectfully submitted this 22nd day of September, 2023.

| | |
|---|---|
| */s/   Daniel F. Diffley* <br> Daniel F. Diffley <br> Georgia Bar No. 221703 | */s/   C. Morris Mullin* <br> C. Morris Mullin <br> Georgia Bar No. 528550 |
| */s/   Taylor Lin* <br> Taylor Lin <br> Georgia Bar No. 273408 | */s/   David C. Rayfield* <br> David C. Rayfield <br> Georgia Bar No. 596706 |
| **ALSTON & BIRD LLP** <br> 1201 W. Peachtree St. <br> Atlanta, GA 30309 <br> Telephone: (404) 881-7000 <br> dan.diffley@alston.com <br> taylor.lin@alston.com | **WALDREP, MULLIN, & CALLAHAN** <br> 111 12th Street, <br> Suite 300 <br> Columbus, GA 31902 <br> Telephone: (706) 320-0600 <br> cmm@waldrepmullin.com <br> davidrayfield@waldrepmullin.com |
| *Counsel for Plaintiff Ronald McDonald House Charities, Inc.* | *Counsel for Defendant Ronald McDonald House Charities of West Georgia, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2023, I electronically filed the foregoing Proposed Stipulation and Protective Order using the Court's CM/ECF system, which will automatically send notification of such filing to all counsel of record.

                                         */s/ Taylor Lin*
                                         Taylor Lin (Georgia Bar No. 253408)