```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

| | | |
|---|---|---|
| RONALD MCDONALD HOUSE CHARITIES, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 4:22-cv-207 (CDL) |
| | * | |
| RONALD MCDONALD HOUSE CHARITIES OF WEST GEORGIA, INC., | * | |
| | * | |
| Defendant. | * | |

O R D E R

Pending before the Court is Ronald McDonald House Charities, Inc.'s ("RMHC Global") Partial Motion to Dismiss Ronald McDonald House Charities of West Georgia's ("RMHC West Georgia") Second Amended Counterclaim (ECF No. 36). In its Second Amended Counterclaim, RMHC West Georgia claims that RMHC Global misappropriated RMHC West Georgia's trade secrets under Georgia state law, breached its contract with RMHC West Georgia, and breached it duty of good faith and fair dealing. RMHC West Georgia also alleges that it is entitled to attorneys' fees due to bad faith on the part of RMHC Global. RMHC Global seeks dismissal of those claims. For the reasons set forth below, RMHC Global's motion (ECF No. 36) is denied except to the extent RMHC West Georgia brings an independent separate claim for breach of the duty of good faith and fair dealing, which claim is dismissed.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a [counter-claim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The counter-claim must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the counter-claimant's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded [counter-claim] simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

RMHC West Georgia alleges the following facts in support of its counter-claims. The Court must accept these allegations as true for purposes of the pending motion.

RMHC West Georgia is a not-for-profit corporation whose mission is to maintain temporary housing for ill children and their families while the children receive treatment at hospitals in Columbus, Georgia. Second Am. Countercl. of Def. Ronald McDonald

2

House Charities of W. Ga., Inc. 1, ECF No. 32.  In 1993, RMHC West Georgia entered into a license agreement with McDonald's Corporation.  *Id.* ¶ 22.  That license gave RMHC West Georgia the right to use the Ronald McDonald trademark for operation of a Ronald McDonald House (the "House") in Columbus, Georgia and to raise funds using that trademark.  *Id.* at 1–2.  In 1998, the 1993 license was replaced with a new license agreement.  *Id.* ¶ 23.  The 1998 license agreement provided that RMHC West Georgia could use the Ronald McDonald trademarks to not only operate and maintain the House, but also to make grants to others for the benefit of children in the local area.  *Id.* at 2.

For years, RMHC West Georgia apparently thrived.  The organization raised several million dollars, housed thousands of children and their families, and controlled over three million dollars in investment accounts held for charitable works.  *Id.*  It also built a valuable list of donors, whose contributions to RMHC West Georgia were critical to RMHC West Georgia's fundraising success.  *Id.* ¶¶ 6, 9.

At some point, the tides shifted and the parties' relationship soured.  In the summer of 2022, RMHC Global hired a consultant to gather information about RMHC West Georgia.  *Id.* ¶ 16.  That consultant gained unauthorized access to RMHC West Georgia's password-protected donor list and shared the list with other Ronald

3

McDonald chapters. *Id.* ¶¶ 16, 18, 20–21. RMHC Global later withdrew RMHC West Georgia's access to its donor list. *Id.* ¶ 19.

RMHC Global, on behalf of McDonald's, subsequently attempted to terminate the 1993 agreement. *Id.* ¶ 24. RMHC West Georgia contends that the 1993 agreement was not the operative agreement between the parties at the time of the termination, and that since RMHC Global only purportedly terminated the 1993 agreement, the 1998 agreement remained in effect. *Id.* ¶ 25. Despite its failure to terminate the 1998 license agreement, RMHC Global withdrew its consent to RMHC West Georgia's use of the Ronald McDonald trademarks. *Id.* ¶ 27. This lawsuit ensued.

## DISCUSSION

RMHC Global argues that RMHC West Georgia's claims for trade secret misappropriation, breach of contract, and breach of the duty of good faith and fair dealing should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). It also moves to dismiss RMHC West Georgia's claim for attorneys' fees. The Court addresses each claim in turn.

**I.  Trade Secret Misappropriation**

To state a claim for trade secret misappropriation under the Georgia Trade Secrets Act ("GTSA"), a plaintiff must adequately allege it had a trade secret and that the defendant misappropriated that trade secret. O.C.G.A. § 10-1-760 *et seq.*; *Penalty Kick Mgmt. Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1290–91 (11th Cir. 2003).

4

RMHC West Georgia contends that its donor list constituted a trade secret under Georgia law and that RMHC Global misappropriated it by gaining unauthorized access to the list and disseminating it to other Ronald McDonald chapters. RMHC Global argues that RMHC West Georgia's counterclaim for trade secret misappropriation must be dismissed because the donor list is not a trade secret, and even if it were, it did not misappropriate it.

> A. Was the Donor List a Trade Secret?

RMHC Global contends that RMHC West Georgia's donor list was not a trade secret because RMHC West Georgia did not allege that it derived any value from the list's secrecy. To prevail on the instant motion, RMHC West Georgia must adequately allege that the donor list derived economic value from not being readily ascertainable by proper means by persons who could benefit from its use and that it was the subject of reasonable efforts to maintain its secrecy. O.C.G.A. § 10-1-761(4).

Here, RMHC West Georgia alleges that it attempted to keep its donor list confidential by keeping it in a password-protected third-party cloud program to which only a limited number of individuals had access. Further, the Court finds it plausible that the donor list derives value from not being generally known given that donor resources are scarce. Indeed, RMHC West Georgia alleges that the donor list in fact proved valuable given its fundraising success throughout the years RMHC West Georgia

5

cultivated the list. The Court is satisfied based on these allegations that RMHC West Georgia's donor list constitutes a trade secret. Accordingly, RMHC West Georgia adequately alleged a protectable trade secret.

### B. Did RMHC Global Misappropriate the Donor List?

RMHC West Georgia must also allege facts demonstrating that the donor list was misappropriated. RMHC West Georgia may show misappropriation by alleging that RMHC Global acquired the donor list despite knowing or having reason to know that it was acquired by improper means. O.C.G.A. § 10-1-761(2)(A). Alternatively, RMHC West Georgia may show that RMHC Global disclosed or used the donor list without consent while knowing or having reason to know that the donor list "was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use." *Penalty Kick Mgmt. Ltd.*, 318 F.3d at 1292 (citing O.C.G.A. § 10-1-761(2)(B)).

The Court finds that RMHC West Georgia met its pleading obligations. RMHC West Georgia alleges that RMHC Global engaged in both types of misappropriation by gaining access to the donor list under false pretenses through a consultant and improperly disclosing RMHC West Georgia's donor list to other Ronald McDonald House chapters. It further alleged that RMHC Global knew that it did not have permission to either access the donor list or share it with other Ronald McDonald chapters. Taking those allegations as true, the Court finds that RMHC West Georgia has plausibly

6

alleged trade secret misappropriation under the GTSA. Accordingly, RMHC Global's motion to dismiss RMHC West Georgia's claim for trade secret misappropriation is denied.

## II. Breach of Contract

RMHC West Georgia alleged that RMHC Global breached the 1998 license agreement by withdrawing consent to use the Ronald McDonald trademarks without terminating the agreement. RMHC Global contends that despite the termination letter's inadvertent reference to the 1993 license agreement, the termination letter operated as a termination of the operative agreement governing the parties' relationship—the 1998 license agreement.

The parties agree that Illinois law governs RMHC West Georgia's breach of contract claim. The elements of breach of contract under Illinois law are: (1) a valid contract; (2) substantial performance by the counter-plaintiff; (3) breach of the contract by the counter-defendant; and (4) damages caused by that breach. *Ivey v. Transunion Rental Screening Sols., Inc.*, 215 N.E.3d 871, 877 (Il. 2022). Here, the Court finds that RMHC West Georgia plausibly alleged a claim for breach of contract. RMHC West Georgia alleges that a valid agreement existed between it and RMHC Global and that it complied with all its duties under that agreement. It further alleges that RMHC Global withdrew consent from RMHC West Georgia to use the Ronald McDonald trademark before properly terminating the operative license agreement. Although

7

RMHC Global contends that the parties understood the license agreement to be terminated based on correspondence between counsel, the Court finds that these arguments are more appropriate for summary judgment.[1] Accordingly, the Court denies RMHC Global's motion to dismiss RMHC West Georgia's breach of contract claim.[2]

### III. Bad Faith/Attorneys' Fees

RMHC Global also moves to dismiss RMHC West Georgia's claim for attorneys' fees and litigation expenses under O.C.G.A. § 13-6-11. Damages are only permitted under O.C.G.A. § 13-6-11 where "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." "O.C.G.A. § 13-6-11 does not create an independent cause of action." *Lamb v. Salvage Disposal Co. of Ga.*, 535 S.E.2d 258, 261 (Ga. Ct. App. 2000). It merely permits the recovery of attorneys' fees and litigation expenses in certain limited circumstances as an additional element of damages. *Id.* A

---

[1] RMHC Global also argues that RMHC West Georgia failed to allege damages sufficient to sustain a breach of contract claim. But RMHC West Georgia alleged that resources had to be rerouted in order to comply with RMHC Global's withdrawal of consent to use the trademarks. And that rerouting of resources interfered with RMHC West Georgia's mission to care for sick children and their families. The Court finds those allegations sufficient at the present stage.

[2] The Court grants the motion to dismiss the claim for breach of the duty of good faith and fair dealing given RMHC West Georgia's recognition that such a claim is not a stand-alone claim under Illinois law. *Voyles v. Sandia Mortg. Corp.*, 751 N.E.2d 1126, 1130–31 (Ill. 2001). However, given the Court's ruling that RMHC West Georgia states a claim for breach of contract, the Court does not grant RMHC Global's request to strike the factual allegations relating to the breach of the duty of good faith and fair dealing claim from the Second Amended Counterclaim.

plaintiff may bring a claim under O.C.G.A. § 13-6-11 as long as that claim is brought in connection with a separate substantive claim for relief. *Vogtle v. Coleman*, 376 S.E.2d 861, 863-64 (Ga. 1989). As explained in the Court's previous discussion, RMHC West Georgia stated claims for trade secret misappropriation and breach of contract.

RMHC Global contends that RMHC West Georgia failed to plead facts to support a claim for attorneys' fees and expenses. When evaluating whether a party is entitled to attorneys' fees under O.C.G.A. § 13-6-11, courts consider "the conduct arising from the transaction underlying the cause of action being litigated." *David G. Brown, P.E. v. Kent*, 561 S.E.2d 89, 90 (Ga. 2002). Here, the Court finds that RMHC West Georgia alleged sufficient facts to state a claim for attorneys' fees. Finding otherwise would be premature at the motion to dismiss stage. *See Bourke v. Webb*, 627 S.E.2d 454, 458 (Ga. Ct. App. 2006) ("Questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense" under O.C.G.A. § 13-6-11 "are generally questions for the trier of fact to decide."). Accordingly, RMHC West Georgia's claim for attorneys' fees and litigation expenses may proceed.

## CONCLUSION

For the foregoing reasons, RMHC Global's motion to dismiss (ECF No. 36) is denied except to the extent RMHC West Georgia attempts to bring an independent stand-alone claim for breach of

the duty of good faith and fair dealing; that good faith/fair dealing claim is dismissed.

IT IS SO ORDERED, this 26th day of January, 2024.

S/Clay D. Land<br>
CLAY D. LAND<br>
U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA